UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRUCE MICHAEL HOUSE,

      Plaintiff,

    v.                                                             Civil No. 08-88-HA

                                   OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

HAGGERTY, District Judge:

      Plaintiff Bruce Michael House seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits (DIB) and Supplemental Security Income (SSI).  This court has jurisdiction

to review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is affirmed.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here. Plaintiff was forty-six years old at the amended alleged disability onset date and forty-nine years old at the time of the ALJ's decision. Plaintiff has a high school education. Plaintiff has past relevant work experience as a retail salesperson, a house painter, and a tire technician.

Plaintiff protectively applied for benefits on February 15, 2005, alleging disability beginning January 1, 2002. Plaintiff later amended his alleged disability onset date to October 1, 2004. Plaintiff alleges disability from physical and mental impairments including: fibromyalgia, a pain disorder, carpal tunnel syndrome, obesity, degenerative disc disease, cognitive problems, and a social phobia. Plaintiff's application was denied initially and on reconsideration. The ALJ conducted a hearing on May 10, 2007, at which she heard testimony from plaintiff, who was represented by counsel, a medical expert, and a vocational expert (VE).

On July 20, 2007, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDING**

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 13, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe

---

[1] Tr. refers to the Transcript of the Administrative Record.

impairments: fibromyalgia and an unspecified social phobia.  Tr. 13, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 16, Finding 4.

The ALJ determined that plaintiff has the RFC to perform a modified range of light work activities.  Tr. 16, Finding 5.  The ALJ determined that plaintiff could sit at least six hours in an eight-hour day for one hour at a time, and that he could stand or walk at least six hours in an eight-hour day, one hour at a time.  *Id*.  Additionally the ALJ found that plaintiff could lift and carry at least ten pounds, could perform postural activities up to one third of the work day, and is limited to low stress work that does not require working closely with people.  *Id*.

At step four, the ALJ found that plaintiff was incapable of performing his past relevant work.  Tr. 21, Finding 6.

At step five, the ALJ, after consulting with a VE, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform.  Tr. 22, Finding 10.

## **DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to consider plaintiff's actual age, (2) providing an incomplete hypothetical to the VE, (3) failing to make findings regarding plaintiff's nonsevere impairments, and (4) improperly assessing plaintiff's credibility.

### **1.      Plaintiff's Age**

Plaintiff argues that the ALJ erred in failing to properly consider his age at the time of the ALJ's decision, and failed to apply that age to the Medical Vocational Guidelines (the "Grids")

20 C.F.R. Part 404, Subpart P, Appendix 2.

The Ninth Circuit summarized the role of the Grids in the evaluation of a disability claim

in *Lounsbury v. Barnhart* 468 F.3d 1111, 1114-15 (9th Cir. 2006):

> The grids are applied at the fifth step of the analysis under 20 C.F.R. § 404.1520,
> and present in table form, a short-hand method for determining the availability
> and numbers of suitable jobs for a claimant. [*Tacket v. Apfel*, 180 F.3d 1094,
> 1101 (9th Cir. 1999).] The grids categorize jobs by their physical- exertional
> requirements, and set forth a table for each category. A claimant's placement with
> the appropriate table is determined by applying a matrix of four factors identified
> by Congress - a claimant's age, education, previous work experience, and physical
> ability. For each combination of these factors, they direct a finding of either
> 'disabled' or 'not disabled' based on the number of jobs in the national economy in
> that category of physical- exertional requirements. *Id.* If a claimant is found able
> to work jobs that exist in significant numbers, the claimant is generally
> considered not disabled. *Heckler v. Campbell*, 461 U.S. 458, 461 (1981).

The Social Security regulations "consider advancing age to be an increasingly limiting

factor" in a person's ability to maintain SGA, and as such categorize claimants by age group. 20

C.F.R. § 404.1563(a). A claimant under the age of fifty is classified as a "younger person" and

their age is not considered to seriously affect their ability to adjust to a new job. 20 C.F.R. §

404.1563(c). However, a claimant between the ages of fifty and fifty-four is classified as a

"person closely approaching advanced age," and their age is considered to be a limiting factor in

their ability to adjust to a new line of work. 20 C.F.R. § 404.1563(d). If a claimant is within "a

few months of reaching an older age category, and using the older age category would result in a

determination or decision that you are disabled," the ALJ must "consider whether to use the

older age category after evaluating the overall impact of all the factors" in a particular case. 20

C.F.R. § 404.1563(b).

In this case, plaintiff was forty-six years old at the alleged disability onset date and was

just three months short of his fiftieth birthday at the time of the ALJ's decision. The ALJ used

plaintiff's age at the alleged disability onset date when considering his claims and he was categorized as a younger person. Plaintiff argues that the ALJ should have treated him as if he were nearly fifty, thus placing him at the cusp of a different age category within the Grids. Plaintiff argues that an appropriate consideration of his age would have resulted in a determination that he was disabled. Plaintiff's argument is without merit.

As a primary matter, this court is not persuaded that the ALJ was required to consider plaintiff to be on the borderline of the older age category. Plaintiff has not cited authority for the proposition that the operable date for determining a plaintiff's age is the decision date. Similarly, defendant has not demonstrated that the alleged disability onset date is the operable date. However, it is this court's opinion that the operable date is the date at which the period under review begins and the claimant has first made allegations of disability.

Assuming *arguendo* that the ALJ was required to consider plaintiff to be a person closely approaching advanced age, this finding would not have necessitated a determination of disability. A claimant closely approaching advanced age with a high school education who is able to perform only sedentary work is considered disabled under Grid Rule 201.14. 20 C.F.R. Part 404, Subpart P, Appendix 2. However, a similarly situated claimant who is able to perform a full range of light work is not considered disabled under Rule 202.14. *Id*. Because the ALJ determined plaintiff has the RFC to perform a modified range of light work, plaintiff would fall in between these two Grid Rules even if considered to be a person closely approaching advanced age.

When the Grids do not adequately take into account a claimant's exertional limitations, they are to be used only as a framework. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). "[W]hen a claimant's exertional limitation falls between two grid rules, the ALJ fulfills

8- OPINION AND ORDER

his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy." *Id.* (citation omitted).

In this case, the ALJ did consult with a VE, thereby fulfilling her duty to determine the claimant's occupational base. If there was error in the ALJ's calculation of plaintiff's age, it was harmless error and does not warrant the reversal of the ALJ's decision. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

**2.    Hypothetical Posed to the VE**

Plaintiff argues that the hypothetical question posited to the VE did not encompass all of plaintiff's limitations and did match the RFC later adopted by the ALJ. In particular, plaintiff points out that the ALJ failed to incorporate the limitation that plaintiff is restricted to low stress jobs that do not require working closely with people when constructing the hypothetical.

When the hypothetical posited to a VE does not take into account all of a claimant's limitations, the VE's testimony lacks evidentiary value and may not be used at step five to find that there are jobs in the national economy that the claimant could perform. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988). Such an error warrants a remand for further proceedings. *Id.* In the instant case, however, this court finds the ALJ's error to be harmless.

Plaintiff is correct that the hypothetical posed to the VE was defective because it omitted restrictions regarding stress and plaintiff's inability to work closely with people. Tr. 74-75. In response to the ALJ's incomplete hypothetical, the VE identified several jobs plaintiff could perform, including a variety of cleaner and polisher positions, a variety of inspector positions, as well as booth cashier and ticket selling positions. Tr. 75.

Following the ALJ's questioning of the VE, plaintiff's counsel questioned the VE and

9- OPINION AND ORDER

asked the VE whether any of the identified jobs were low stress.  Tr. 77.  The VE responded that

the identified jobs were "low stress in terms of comparing them to other skilled positions."  *Id*.

Plaintiff's counsel then questioned the VE regarding whether the identified jobs require working

closely with the general public.  Tr. 78.  The VE responded that the cashiering and ticket selling

positions would require working with the public.  *Id*.

In making her findings at step five, the ALJ did not include the booth cashier and ticket

selling positions as jobs that plaintiff could perform.  Tr. 22.  Instead she relied on the testimony

of the VE regarding the cleaner, polisher, and inspector positions in finding that there are jobs

that exist in significant numbers in the national economy that plaintiff could perform.  *Id.*

Nothing in the record suggests that these jobs require working closely with the public or that

they are overly stressful.  While the ALJ erred in failing to include all of plaintiff's limitations in

the hypothetical posited to the VE, this error was cured by plaintiff counsel's questioning of the

VE  and the findings made by the ALJ at step five.  Because the ALJ's error was later cured, this

court finds it to be harmless.  As such, a remand for further proceedings is unwarranted.  The

ALJ's findings at step five were supported by substantial evidence in the record.

### 3.    Plaintiff's Impairments

Plaintiff argues that the ALJ failed to make severity findings with respect to a number of

plaintiff's impairments, including his back pain, cervical spine injury, cognitive disorder, pain

disorder, and obesity.  Plaintiff argues that the ALJ should have made severity findings with

respect to these impairments at step two in the analysis, and then considered these impairments

in combination with those impairments the ALJ did find to be severe.  Plaintiff places particular

emphasis on the importance of considering obesity in combination with plaintiff's other

impairments.  Plaintiff offers no evidence that any of these alleged impairments in some way

10- OPINION AND ORDER

limited plaintiff beyond the limitations incorporated in his RFC.  Plaintiff's argument is without merit.

At step two in the analysis, the ALJ discussed each and every impairment identified by plaintiff.  Tr. 13-16.  The ALJ discussed medical records regarding each alleged impairment and explicitly found many of them to be nonsevere.  *Id.*  For other impairments, the ALJ either implicitly found them to be nonsevere or explicitly found the evidence in the record to be insufficient to establish the diagnosis of such an impairment.  *Id.*

The ALJ discussed plaintiff's obesity, noting that plaintiff was found to demonstrate "a broad-based, antalgic, unsteady gait, and was using a cane."  Tr. 13.  There is nothing in the record to suggest that plaintiff's obesity somehow limits him beyond those limitations incorporated into his RFC.  In *Burch v. Barnhart*, the Ninth Circuit held that where obesity was not close to the listing criterion and did not exacerbate a claimant's other impairments, an ALJ "did not commit reversible error by not considering [claimant's] obesity in step two of the sequential analysis."  400 F.3d 676, 682 (9th Cir. 2005).  Here, plaintiff puts forth no evidence that his obesity is close to the listing criterion or that it exacerbates his other impairments.  Moreover, the ALJ did consider plaintiff's obesity at step two, albeit without making an explicit severity finding.  The ALJ's findings are free of legal error and are upheld by substantial evidence in the record.

**4.      Plaintiff's Credibility**

Plaintiff asserts the ALJ erred in evaluating his subjective symptom testimony.  In evaluating a plaintiff's subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment that could

11- OPINION AND ORDER

reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)*.*  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'"  *Bunnell*, 947 F.2d at 342; (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407.  Second, he or she must show that the impairment or combination of impairments could reasonably be expected to produce some degree of the alleged symptoms.

Here, the ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." Tr. 18.  Because the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptom, the ALJ was required to provide clear and convincing reasons for rejecting his subjective symptom testimony. *Dodrill*,

12- OPINION AND ORDER

12 F.3d at 918.

The ALJ identified a number of reasons for rejecting plaintiff's symptom testimony.  The ALJ noted that "the claimant's subjective claims of complete disability are not fully supported by the objective medical evidence, medical opinion evidence, or his activities as documented in the record."  Tr. 18.  The ALJ identified numerous medical reports in the record that undermine plaintiff's allegations of disability. Tr. 18-20.  Additionally, the ALJ identified instances where plaintiff has exaggerated his symptoms or attempted to "confuse the facts."  Tr. 20.  The ALJ offered clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's allegations of disability.

## CONCLUSION

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record.  The Commissioner's decision denying Bruce Michael House's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   10   day of March, 2009.

        /s/ Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge